## 47897. RAGER v. WOLF MACHINE COMPANY.

DEEN, Judge. The defendant Wolf Machine Company wrote Rager a letter dated August 1, 1967, which stated in part: "This letter will simply confirm your conversations with Dave Searcy and with the writer over the phone concerning the reappointment of yourselves as our agent. [Discussion of territory, sale prices and commissions.] Basically there are no other changes in our agency set-up. There are two exceptions or additions to the above. First, this letter may be taken as confirmation that . . . so long as you maintain at least a reasonable number of machine sales per year (at least 52 per year, excluding the PUP) your exclusive agency agreement is hereby, as you requested, being granted for a period of three years . . . The second reconsideration on this as discussed by Dave is that Rager Sewing Machine, to obtain this agency, must agree within a sixty-day period of time to hire a salesman to cover this territory. This man, to be other than Billy Sachs who, as we have discussed in the past, is a mechanic and not a salesman."

On October 18, 1968, Rager was notified by the defendant that the agency was terminated, and he thereupon sued for general damages for breach of contract. The defendant answered that the agreement was terminated because of the plaintiff's failure to meet its terms; that he failed to maintain at least 52 machine sales per year; that there were only 41 net sales in

plaintiff's territory, of which only 33 were sold by plaintiff and the others by defendant's employee; that the plaintiff violated his agreement by failure within a sixty-day period to hire a salesman other than Sachs, and that he did not exert his best efforts to sell machines.

At the close of the evidence the trial court directed a verdict in favor of the defendant and Rager appeals. *Held:*

1. It is true, as contended by the defendant, that the preponderance of evidence indicates that Rager fell substantially below the number of sales contracted for, but since his own testimony (unsupported, however, by documentary evidence) indicates that the threshold quota may have been met, we have not gone into this issue further. The testimony most favorable to Rager shows, as to the other condition of the contract, that during only a maximum of five months during the 14-1/2 month existence of the agency did Rager employ a salesman. His testimony was that he had a man for two months, beginning sometime in August, 1967; that he employed another between December, 1967, and February, 1968, and that a third was employed for about a month somewhere in the middle of 1968. The construction of contract is normally a question of law for the court. Code § 20-701. If "sufficient words be used to arrive at the intention" it is to be given effect. The contract of a selling agent must be construed to effectuate the overall purpose of the agreement, where the intention is obvious. Cf. *Walker v. Jenkins,* 32 Ga. App. 238 (3) (123 SE 161). It is clear that the letter placed two conditions on the agency agreement, one of them being that the plaintiff would within 60 days employ a salesman for the defendant's products. This cannot mean anything less than a permanent salesman; otherwise it might be said that if the plaintiff had employed the salesman for a single day it

would be a sufficient compliance, which would be unreasonable. Here a salesman was employed for approximately one-third of the total time the contract was in effect, for only one month of the last eight months of that time, and none had been hired during the four months previous to the discharge. This was unquestionably a breach of the contract on the part of the plaintiff which authorized the defendant to terminate the exclusive agency.

2. It not appearing that Rager's reasons for initially leaving and later returning to the defendant company at the inception of the contract here under consideration had any connection with the breach, it was not error to preclude plaintiff's counsel from going into this matter in the opening argument.

The trial court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED FEBRUARY 5, 1973 — DECIDED MARCH 5, 1973.

*Rich, Bass, Kidd & Broome, Casper Rich, William F. C. Skinner, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Paxton & Seasongood, Paul M. Schindler,* for appellee.